IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| EDGAR RODRIGUEZ, | § | |
| Movant, | § § § | |
| V. | § § | NO. 4:19-CV-965-O (NO. 4:18-CR-114-O) |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § | |

**OPINION AND ORDER**

Came on for consideration the motion of Edgar Rodriguez, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the record, including the record in the underlying criminal case, No. 4:18-CR-114-O, and applicable authorities, finds that the motion should be dismissed as untimely.

**I. BACKGROUND**

The record in the underlying criminal case reflects the following:

On May 16, 2018, movant was named in a one-count indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). CR Doc.[1] 10. Movant entered a plea of not guilty. CR Doc. 14. He later decided to change his plea. Accordingly, he and his counsel signed a factual resume setting forth the penalties he faced, including possible enhancement pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e), the elements of the offense charged, and the stipulated facts establishing that movant committed the offense. CR Doc.

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:18-CR-114-O.

17. They also signed a consent to administration of guilty plea and allocution by United States Magistrate Judge. CR Doc. 21. On June 27, 2018, movant entered his plea of guilty. CR Doc. 20. The magistrate judge issued a report and recommendation finding that the plea was knowing and voluntary and recommending that it be accepted. CR Doc. 22. Movant did not object and the Court accepted the report and recommendation. CR Doc. 24.

The probation officer prepared the presentence report ("PSR"), which reflected that movant's base offense level was 20. CR Doc. 25, ¶ 17. He received a two-level increase because the firearm at issue was stolen. *Id.* ¶ 18. He received a two-level and a one-level reduction for acceptance of responsibility. *Id.* ¶¶ 24, 25. Based on a total offense level of 19 and a criminal history category of VI, his guideline imprisonment range was 63 to 78 months. *Id.* ¶ 82. The PSR included a report regarding factors that might warrant departure, *id.* ¶ 94, as well as factors that might warrant a sentence outside of the advisory guideline system. *Id.* ¶ 95. Movant filed objections, CR Doc. 27, and the probation officer prepared an addendum to the PSR, rejecting the objections. CR Doc. 29. Movant again objected. CR Doc. 31.

The Court sentenced movant to a term of imprisonment of 78 months. CR Doc. 35. The judgment was entered October 24, 2018. Movant did not appeal.

## II. GROUND OF THE MOTION

Movant asserts one ground in support of his motion, worded as follows: "I am actually innocent of 922(g) and the court lacked jurisdiction." Doc.[2] 1 at PageID[3] 4. In his supporting memorandum, movant explains that he did not know that the gun he was charged with possessing

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.
[3] The "PageID __" reference is used because the typewritten page numbers on the form § 2255 motion used by movant are not the actual page numbers of the document.

had affected interstate commerce. Doc. 2. In particular, "he had no ideal [sic] the gun traveled across state lines." *Id.* at 3.

## III. TIMELINESS OF THE MOTION

A one-year period of limitation applies to motions under § 2255. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

Here, judgment was entered October 24, 2018.[4] Movant's conviction and sentence became final on November 7, 2018. Fed. R. App. P. 4(b)(1)(A). Movant did not submit his § 2255 motion for filing until November 13, 2019. In the "timeliness of motion" section of the form he used, movant simply says "relying on new rule of law." Doc. 1 at PageID 7. In his memorandum, he explains that the new rule upon which he relies was set forth in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Doc. 2 at 4.

---

[4] The government mistakenly says that the judgment was entered October 23, 2018. That was the date the judgment was signed. CR Doc. 35.

3

In Rehaif, the Supreme Court did not announce a new rule made retroactive. *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019); *Nixon v. United States*, No. 4:19-CV-747-A, 2019 WL 6498088, at *3 (N.D. Tex. Dec. 3, 2019), *aff'd*, 747 F. App'x 995 (5th Cir.), *cert. denied*, 139 S. Ct. 2626 (2019). Rather, the Court interpreted § 922(g) to require that the government must prove that a defendant knew he possessed a firearm and that he knew he was a felon in order to obtain a conviction thereunder. 139 S. Ct. at 2194. Here, movant does not contest that he knew he possessed a firearm and that he knew he was a convicted felon. Rather, he argues that he did not know the firearm affected interstate commerce. Doc. 2 at 4. But, a conviction under § 922(g) does not require that a defendant have knowledge that the gun he possessed travelled in interstate commerce. *United States v. Harris*, 796 F. App'x 203, 204 (5th Cir. 2019); *United States v. Guerrero*, 779 F. App'x 247 (5th Cir. 2019). Thus, even if *Rehaif* announced a new rule, it does not support movant's argument and would not trigger a later limitations period under § 2255(f)(3).[5]

Movant argues that he is entitled to proceed because he is actually innocent. Doc. 2 at 4. However, to meet the actual innocence exception to limitations, movant must show that, in light of new evidence, no juror acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *McQuiggin v. Perkins*, 569 U.S. 383, 386–87 (2013); *Merryman v. Davis*, 781 F. App'x 325, 330 (5th Cir. 2019). "Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Here, movant is relying on alleged legal, not factual, innocence. He does not have any new evidence.

---

[5] Further, even if *Rehaif* did apply, movant has not shown, much less attempted to show, cause and prejudice for his failure to raise this issue on direct appeal. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). In any event, it does not appear that a *Rehaif* claim can be raised for the first time on collateral review. See *United States v. Sanders*, 157 F.3d 302, 305 (5th Cir. 1998); *Nixon v. United States*, No. 4:19-CV-747-A, 2019 WL 6498088, at *3 (N.D. Tex. Dec. 3, 2019), *aff'd*, 747 F. App'x 995 (5th Cir.), *cert. denied*, 139 S. Ct. 2626 (2019).

Finally, even though movant does not appear to allege equitable tolling, the Court notes that it would not apply here. The doctrine of equitable tolling is applied only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). Movant must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002). Movant's lack of legal acumen and unfamiliarity with legal process is not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). In this case, movant has not alleged any facts that would support equitable tolling. He has not shown that he was diligently pursuing his rights and that some extraordinary circumstance prevented the timely filing of his motion. For example, he does not allege that his counsel or the government or the Court itself actively misled him in any way. He simply failed to timely file his motion.

### IV.  CONCLUSION

For the reasons discussed herein, movant's motion is **DISMISSED AS UNTIMELY**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 2nd day of February, 2021.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**